TOLEDO, WABASH AND WESTERN RAILWAY COMPANY

*v.*

JOHN H. INGRAM.

1. CHANCERY—*new trial at law.* Where a bill in chancery is filed for a new trial at law, on the ground of newly discovered evidence, it should be accompanied by the affidavits of the witnesses who will testify to the facts.

2. A court of equity rarely exercises the power of granting a new trial in an action at law, and should do so in no case, except upon clear and satisfactory evidence.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. O. T. REEVES, for the plaintiff in error.

Messrs. HUGHES & McCART, for the defendant in error.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill in equity, brought by the Toledo, Wabash and Western Railway Company, against John H. Ingram and others, to obtain a new trial in an action at law, wherein Ingram obtained a judgment against the railroad company for $5000, at the May term, 1874, of the circuit court of McLean county. The theory of the bill is, that the judgment was obtained by the false and fraudulent testimony of the plaintiff in the action; that since the trial evidence has been discovered by which that fact can be established. The bill, however, does not set up or tender the affidavits of the witnesses by whom the newly discovered proof can be made. A motion for a new trial in an action at law, based upon newly discovered evidence, must be supported by the affidavits of the witnesses by whom it is proposed to prove the facts relied upon, or some good reason should be shown for not obtaining them. *Cowan* v. *Smith*, 35 Ill. 416. This we understand to be the general rule. Nor does the fact, that the application for a new trial is made by bill in a court of chancery, dispense with the production of affidavits. *Yates* v. *Monroe*, 13 Ill. 212, is an authority upon this point, where it is said, "The same reason exists for rejecting an application for a new trial, made to a court of chancery, on the ground of newly discovered evidence, which would determine a court of law upon a motion for a new trial." Indeed, a court of equity rarely exercises the power of granting a new trial in an action at law, and should do so in no case, except upon clear and satisfactory evidence.

As the allegations of the bill in this case were insufficient, the demurrer was properly sustained, and the decree dismissing the bill will be affirmed.

*Decree affirmed.*