### H. G. King et al. v. Frank O. Hawley.

#### Gen. No. 4,860.

JUDGMENT BY CONFESSION—*when not subject to attack in equity.*
A judgment entered by confession is not subject to attack in equity where the grounds of the attack are such as may be made the basis of a motion to set aside the judgment complained of.

Bill in chancery. Appeal from the Circuit Court of Kendall county; the Hon. LINUS C. RUTH, Judge, presiding. Heard in this court at the April term, 1907. Reversed and remanded. Opinion filed August 6, 1907.

A. H. SWITZER and C. I. McNETT, for appellant, H. G. King.

MURPHY & ALSCHULER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

On October 21, 1904, H. G. King caused a judgment by confession to be entered in his favor before the clerk of the Circuit Court of Kendall county in vacation against Frank O. Hawley for the sum of $703.89 and costs of suit. An execution was issued on the judgment and levied on real estate and after the sale returned partially satisfied. An alias execution was issued and a levy made thereunder. On September 2, 1905, Hawley filed a bill in chancery against King and the sheriff of Kendall county and procured an in-

junction restraining further proceedings under the execution upon allegations that the note, upon which the judgment was entered, had been fully paid before the entering of said judgment. The judgment creditor filed an answer denying the allegations of the bill regarding the payment of the note. On a final hearing the Circuit Court entered a decree finding that the note had been paid, and that the judgment thereon was null and void and making the temporary injunction perpetual. From that decree the defendant King appeals.

The record shows that King held four notes against F. O. Hawley, none of which were given direct by Hawley to King. One of these notes was dated April 9, 1902, for $500 payable to John M. Raymond and signed by John C. Hopkins and Frank O. Hawley. Two other notes each for about the same amount were given by Frank O. Hawley and wife to C. M. Hawley; the record does not show the exact amount of either of these notes. These three notes came into the possession of King by purchase from John M. Raymond at the same time. The fourth is the note upon which the judgment in controversy was entered. This note is dated June 25, 1902, and is for $636.88 and was executed by F. O. Hawley to Lillie Keck and by her sold to King. In May, 1903, King and Hawley met by arrangement in John M. Raymond's office in Aurora. King claims to have there produced the four notes he held against Hawley, and that Hawley had a note for $1,000 executed by Carl Mueller. An exchange was there agreed upon by which King received from Hawley the Mueller note, and was to surrender two of the notes held against Hawley. Hawley claims he got the Hopkins note and that he was to have delivered to him the Keck note, but did not get it because he says King did not have it there with him. King says that he delivered to Hawley the Hopkins note and one of the notes from Frank Hawley to C. M. Hawley; that they selected out the two notes from

the four which would come nearest to making the amount of the Mueller note, and that Hawley gave him an additional note for $107.13 the excess of the two notes over the Mueller note. The evidence of Raymond and King shows that King did get from Raymond three notes signed by F. O. Hawley and it is clear the Keck note is not one of them. The second note signed by Frank O. Hawley to C. M. Hawley and purchased from Raymond by King was after May, 1903, collected by suit in the County Court of Kane county from F. O. Hawley. The sheriff of Kendall county testified that on October 25, 1904, the second day of the October term of the Kendall county Circuit Court, at the front door of the court house in Yorkville, and within a week after the judgment was entered in vacation, he served two executions on F. O. Hawley, one for $703.89 issued on the judgment on the Keck note, the other for $131.67 issued on a judgment on the $107.13 note, and that Hawley there said he would take care of them. The appellee claims to have been so sick that he was confined to his house from early in October until the following spring, and that he was unable to attend to his business, but admits that in the latter part of October he went from his home in Aurora to Oswego to look after a farm where some men were putting in tile. The appellee does not in any way account for the fourth note held by King against him. It is obvious from the record that two of the notes held by King were given up to F. O. Hawley, the third was collected in the County Court and the fourth note is the note upon which the judgment in controversy was entered. Appellant neither makes any denial of the claim that King held four notes against him, nor does he claim to have satisfied or paid more than three of them. We therefore conclude the note upon which the confession was entered has not been paid.

We have disposed of the case on the merits because counsel on both sides have presented the case on the

merits.   There is another reason why this decree should not be sustained.   The judgment was entered in a court of law.   If the note had been paid the appellee had a complete remedy in that court.   He could there have made a motion to set aside the judgment and upon a proper showing he would have obtained leave to plead his defense of payment.   From the evidence in the record appellee knew of the judgment and promised to take care of it when the execution was served on him at the court house in which the judgment had been entered four days previously.   It was the right of both parties to have the question whether the note was paid or not, tried by a jury, and there was no occasion to resort to a court of equity.   The decree is reversed and remanded with directions to dismiss the bill.

*Reversed and remanded with directions.*

Mr. Presiding Justice WILLIS took no part in the consideration of this case.