## Aldora J. Tyler, Appellee, v. Ellen Ross, Appellant.

1. JUDGMENT, § 83*—*what is controlling question on motion to open judgment by confession.* On motions to open judgments entered by confession and for leave to plead to the merits, the controlling question is not whether errors of law have been committed but whether the judgment debtor has shown an equitable reason why his motion should be allowed.

2. BILLS AND NOTES, § 469*—*when not error to deny motion to open judgment by confession on note.* Denial of a motion to open a judgment by confession on a promissory note which contained a power of attorney authorizing the entry of such a judgment and to stay execution and for leave to plead to the declaration on the merits, *held* not error, the record showing no equitable reason why the judgment should not stand, it not being denied that the obligation for which the note was given was *bona fide,* it not

*See Illinois Notes Digest, Vols. XI to XV. and Cumulative Quarterly, same topic and section number.

being claimed that the judgment was for more than the original obligation with interest and certain stipulated costs and charges added, no fraud in procuring the judgment being shown, and the affidavits and exhibits presented at the hearing of the motion establishing that neither the plaintiff nor her attorney knew of the bankruptcy proceeding, pleaded by the defendant, at the time the judgment was confessed.

3. BILLS AND NOTES, § 469*—*when laches will defeat motion to open judgment by confession on note.* On motion to open a judgment by confession on a promissory note, *held*, that, even if some equitable reason had been shown to exist why the judgment should not have been rendered when and as it was, the fact that defendant had slept for more than 2 years on her rights would be a sufficient reason for holding that she was estopped by laches from asserting the same when she made the first attempt to do so.

Appeal from the Circuit Court of De Witt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 21, 1919.

L. O. WILLIAMS, for appellant.

W. F. GRAY, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

On March 20, 1908, appellant made, executed and delivered to appellee her promissory note for $181.10, due in 3 months from date and drawing 6 per cent interest per annum until paid. This note contained a power of attorney authorizing the entry of judgment thereon by confession. On February 8, 1915, judgment by confession was entered on the records of the Circuit Court of DeWitt county in vacation, in favor of appellee and against appellant for $274.54 and for costs. On May 22, 1917, appellant filed her motion in the Circuit Court of DeWitt county to stay an execution issued on that judgment and for leave to plead to the declaration on the merits. On May 28, 1917, that motion was heard and allowed. On August 6,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1917, appellant filed a plea charging that on February 14, 1917, she was adjudged a bankrupt and that on February 19, 1917, she was discharged in bankruptcy. On August 6, 1917, the order staying the execution and giving appellant leave to plead was set aside and vacated and the motion of appellant of May 22, 1917, was taken under advisement. The September term of said court was held but no order was made in this case. At the January term of said court, 1918, the plea of appellant was stricken from the files and her motion to open the judgment and stay execution and for leave to plead to the declaration on the merits was denied. Upon the hearing of that motion it was shown by affidavits that appellant knew within a few days after the judgment was rendered that it had been entered; that neither appellee nor her attorney prior to the entry of said judgment by confession had any notice or knowledge that appellant claimed to have been discharged in bankruptcy; that on March 5, 1915, within 30 days after the judgment was entered, appellee upon being advised that appellant claimed to have been discharged in a proceeding in bankruptcy notified appellant that unless she proceeded to have the judgment by confession set aside and vacated on motion made for that purpose, she, appellee, would proceed to collect the same; that notwithstanding such facts, appellant made no move to cause the judgment to be set aside, vacated or opened or for stay of execution or for leave to plead to the merits until more than 2 years and 3 months had elapsed after the entry of such judgment, and no reason justifying such delay was shown on the hearing of that motion. There was also some proof presented at that hearing to the effect that appellant had promised and intended to pay the judgment.

On motions to open judgments entered by confession and for leave to plead to the merits, the controlling question is not whether errors of law have been

committed but whether the judgment debtor has shown an equitable reason why his motion should be allowed. *Moyses v. Schendorf,* 238 Ill. 232; *Mumford v. Tolman,* 157 Ill. 258-265.

The record in this case shows no equitable reason why the judgment should not stand. It is not denied that the obligation for which the note was given was bona fide. It is not claimed that the judgment was for more than the original obligation with interest and certain stipulated costs and charges added. No fraud in procuring the judgment is shown. The affidavits and exhibits presented at the hearing of the motion are convincing that neither appellee nor her attorney knew of the bankruptcy proceeding at the time the judgment in question was confessed. Even if some equitable reason had been shown to exist why the judgment should not have been rendered when and as it was, still the fact that appellant has slept for more than 2 years on her rights would be sufficient reason for holding that she was estopped by laches from asserting the same when she made the first attempt to do so.

Counsel for appellant have argued that want of jurisdiction may be taken advantage of at any time, and, that being true, laches could not be imputed to her. There is no question of the jurisdiction in this case.

The court committed no error in denying appellant's motion. The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*