N. Kahn, Appellant, v. Henry Rasof et al., Appellees.

Gen. No. 33,339.

Opinion filed June 26, 1929.

Irving G. Zazove, for appellant.

Harry G. Hershenson, for appellees.

Mr. Justice Holdom delivered the opinion of the court.

This is an appeal from a decree dismissing complainant's bill for want of equity, and complainant brings the record to this court for review.

The purpose of the bill was an attempt to vacate and set aside a judgment by confession in the municipal court of Chicago enjoining defendants from collecting the amount of the judgment. A temporary restraining order was issued enjoining defendants from taking any action to enforce the judgment or issuing an execution thereon, or making any levy under the execution until the further order of the court.

The bill charged, *inter alia,* that the notes for which the judgment was confessed were procured by fraud; that complainant, when he signed the notes, believed he was signing receipts for insurance policies, and did not know that he was executing notes for insurance premiums.

The cause was referred to a master to take the proofs and report his conclusions of law and fact thereon. All the parties to the cause appeared before the master and proffered their proofs. The master found that the complainant executed the notes, upon which the judgment was confessed in the municipal court, knowing all the circumstances; that he was in nowise deceived in any manner regarding the situation at the time he executed the notes; that the judgment was legal and should be enforced according to its terms. The master recommended that the temporary restraining order, above recited, be dissolved and the bill dismissed for want of equity.

Complainant filed objections before the master to his report, which were afterwards refiled as exceptions before the chancellor. The objections were overruled by the master and the exceptions by the chancellor, and the decree appealed from entered.

The record does not disclose that any motion was ever made in the municipal court to vacate the judgment entered and sought to be restrained by complainant's bill for fraud or for any reason upon which complainant by his bill seeks to have the collection of that judgment perpetually enjoined.

·It was incumbent upon complainant to apply by an appropriate motion to the municipal court to vacate the judgment for the reasons set forth in the bill, and having failed so to do, a court of equity is without power to grant complainant relief against said judgment. The municipal court had plenary power to grant complainant relief against the judgment as would a court of equity upon sufficient cause shown, and in dealing with the integrity of such judgment would have full equitable powers. The case of *Hollister v. Sobra,* 264 Ill. 535, is a cogent, sustaining authority on this point, where the court said:

"There is no allegation of fraud in connection with the assumpsit suit which resulted in the judgment. The rule is well established that the fraud for which a judgment may be enjoined in equity must be in the procurement of the judgment. If there be fraud entering into the cause of action which vitiates it, that is a defense which must be interposed in the action at law unless the party has been prevented from interposing the defense by fraud. (Freeman on Judgments, sec. 489.) While equity will relieve from a judgment obtained through fraud, accident or mistake, still the party invoking the interposition of equity must be free from negligence. Appellant has no standing in a court of equity for relief against this judgment, first, because, if the facts existed as stated in his bill, it was his duty to present them as a defense to the action at law unless he was prevented from doing so by some accident, fraud or mistake for which he was in no way responsible; and second, the allegations of fraud do not seek to impeach the law proceeding which resulted in the judgment. These general principles are sustained by *Kretschmar v. Ruprecht,* 230 Ill. 492, and cases there cited. There was no error in dismissing appellant's bill."

Complainant seems to ground his right of action upon the fact that he was illiterate and did not under-

stand the English language. However, it is in evidence that complainant was in the second mortgage business, and that he gave the notes in question as premiums upon life insurance policies, and that the transaction was not fraught with much intricacy, but was a plain every-day transaction of giving notes instead of money for the payment of insurance premiums. The policies were the consideration for the premium notes and whether in fact, which seems doubtful, complainant was illiterate, he certainly was not overreached in any way in the transaction when he gave notes for insurance premiums due upon policies. Furthermore complainant had possession of the receipt originally given, which was returned when the policies were delivered.

The damages allowed upon the dissolution of the injunction were proper to be allowed in force of paragraph 8, chapter 69, Cahill's Rev. St. Illinois, and as said in *Hollister v. Sobra, supra:*

"In the revision of 1827 that part of said section 17 relating to injunctions to stay judgments at law was enacted as section 11 of the chapter on *ne exeat* and injunctions, and provided: 'If the injunction be dissolved in whole or in part, the complainant shall pay, exclusive of legal interest and costs, such damages as the court shall award, not exceeding ten per centum on such part as may be released from the injunction.' It will be noted that that part of the section just quoted is identical with the conclusion of said section 8 of the present act on injunction." The award in the instant case was within the limit of the statute.

The case was heard before the master who saw the witnesses and was able from their appearance and manner of testifying to determine as to the credit to be given to them, and as the chancellor evidenced his agreement with the master's conclusions, we are not privileged to change the facts, unless we are able to say from a reading of the whole of the evidence, which

we are not, that the master's findings of fact are against the greater weight of the evidence.

Some comment is made by defendants' counsel adversely to the comments made by the master on overruling complainant's objections to his report attached thereto, viz.:

"In consideration of the foregoing objections and of the entire record in the case, the Master is moved to observe that the testimony on neither side possesses that convincing reliability and preponderating quality which would enable the Master to find the facts from such testimony alone. The incontestable facts are that the notes were in existence and the Master believes them to have been signed as part of a well understood commercial transaction."

We can readily understand the difficulties which confronted the master in weighing the evidence of what is claimed to be an illiterate complainant, and that under the circumstances the master arrived at the correct solution of the facts in these words: "The incontestable facts are that the notes were in existence and the Master believes them to have been signed as part of a well understood commercial transaction."

In our opinion the findings of the master are not only sustained by the proofs, but do justice to the several parties concerned.

Finding no reversible error in the record, the decree of the circuit court is affirmed.

*Affirmed.*

WILSON, P. J., and RYNER, J., concur.