Alfred H. Chandler, Appellee, v. Charles L. Chandler,
Administrator of Estate of Charles H. Chandler,
Deceased; et al., Appellants.
First National Bank of Cullom, Appellant, v. Alfred H.
Chandler, Appellee.

Gen. No. 10,014.

Heard in this court at the
February term, 1945. Opinion filed October 22,
1945. Released for publication November 12, 1945.

M. H. Scott, of Piper City, for appellants.

C. G. Hirschi, of Watseka, John H. Beckers and Dyer & Dyer, all of Kankakee, for certain appellee; Wayne H. Dyer, of Kankakee, of counsel.

Mr. Justice Wolfe delivered the opinion of the court.

The defendant, the First National Bank of Cullom, has appealed from a decree of the circuit court of Iroquois county, granting the plaintiff, Alfred H. Chandler, equitable relief against the enforcement of the defendant's judgment against him. The judgment was rendered on March 17, 1937, for $5,715 the sum then due on seven promissory notes, on confession of judgment under warrants of attorney. Six of the notes were signed by David H. Chandler and his two brothers, the plaintiff and Charles H. Chandler; the other note was signed by David H. Chandler and the plaintiff. The judgment was taken against the plaintiff only. On March 27, 1937, the plaintiff filed a motion to vacate the judgment because the circuit court did not have jurisdiction to render the judgment, since each warrant of attorney attached to the respective notes was a joint and not a several warrant of attorney. On January 25, 1941, the circuit court entered an order denying the motion. This order was affirmed by this court at the May Term, 1941. (*First*

*Nat. Bank of Cullom v. Alfred H. Chandler,* 311 Ill.
App. 254.)

After the affirmance of the above order, the plaintiff
filed a motion in the circuit court to open the judg-
ment and for leave to plead. On June 3, 1942, this
motion was allowed and a rule entered that the plain-
tiff plead within 10 days. On February 14, 1942, the
plaintiff filed his complaint in equity and the suits at
law and in equity were consolidated by agreement of
the parties. The defendant filed an answer to the com-
plaint. After a hearing before the chancellor, the
plaintiff amended his complaint. Thereupon the chan-
cellor, on July 24, 1944, rendered the decree from
which the appeal is taken to this court. The original
complaint is for an injunction restraining the enforce-
ment of the judgment, and an accounting for rents and
profits allegedly received by the defendant.

The evidence shows, and the chancellor so found,
that the defendant did not receive any rents and profits
for which he was bound to account to the plaintiff, and
there were no equities to be adjusted between the par-
ties on an accounting.

The complaint was evidently drawn on the theory
that the aid of a court of equity was required to secure
a decree directing the defendant to convey land in the
State of Texas, or to sell the land. (Vide, *Cooley v.
Scarlett,* 38 Ill. 316; *Bevans v. Murray,* 251 Ill. 603,
623.)

In his original complaint the plaintiff based his
claim to an equitable defense to the judgment on the
fact (which is admitted by the defendant), that the
notes were for money borrowed from the defendant by
David H. Chandler. That under an agreement entered
into between David H. Chandler and the defendant
the liability of the plaintiff, as a signer of the notes,
was contingent on the sale by the defendant of the
land in Texas which was conveyed by David H. Chan-
dler to the defendant under the terms of the agree-
ment.

The agreement was made on April 30, 1931, and on that date there was due the defendant the amount of $2,700 represented by various notes signed by the plaintiff and his two brothers. On October 22, 1932, this note was renewed by the execution of a new note, signed by the three brothers. There was also due the defendant, on April 30, 1931, six notes which were signed by the brothers as before stated. These are the seven notes which were placed in judgment. It also appears from the record that on April 30, 1931, David H. Chandler and one Frank Chandler were indebted to W. J. Kiley, then cashier of the defendant bank, on their note for $546.90 with interest at the rate of seven per cent per annum from the date of the note, March 12, 1923.

The agreement between W. J. Kiley and David H. Chandler, states that David H. Chandler is indebted to the First National Bank of Cullom, and that he is further indebted to Kiley; that it is the desire of Chandler to further secure said indebtedness; that Chandler is the owner of an undivided one half interest in a tract of land in Randall and Potter counties in Texas. The agreement further provides in substance: In order to further secure said indebtedness, Chandler did on April 22, 1931, convey his interest in the land by quitclaim deed to Kiley with the full right of Kiley to sell the land to any purchaser which he might obtain, with the understanding that out of the purchase price Kiley was to pay said indebtedness of Chandler, and the net balance of the purchase price was to be refunded to Chandler. Chandler reserved the right to sell the land and if he pays the amount of the indebtedness, Kiley is to convey the land to such purchaser. Furthermore, if said notes and indebtedness should be paid prior to the sale of the land, then Kiley is to reconvey the land to Chandler.

The contention of the plaintiff that his liability as a signer of the notes was contingent on a sale of the Texas land rests on the proposition that he was a

surety on the notes. (*Prout v. Lomer,* 79 Ill. 331; *Wurster v. Albrecht,* 237 Ill. App. 284; *Foy v. Blackstone,* 31 Ill. 538; *Walker v. Crawford,* 56 Ill. 444.)

The evidence of the plaintiff tending to show that he was a surety on the notes is to the effect that Kiley informed him when he signed the notes that the Texas land would take care of the notes and that he need not worry about the notes; that execution of the notes was required "to square the bank with the bank examiners." The plaintiff also introduced the defendant's liability sheets of David H. Chandler and the plaintiff showing that their names were carried on the sheets, the former as maker and the latter as indorser of the notes. Each of the notes contained the statement: "Each maker of this note is a principal."

It is the contention of the defendant that the plaintiff, having signed the notes containing the language above quoted, as against the defendant (the payee of the notes), he waived his rights or status of a surety on the notes; furthermore, to permit the plaintiff to prove by oral or extrinsic evidence that he was a surety on the notes would violate the rule that the contents of a written instrument cannot be contradicted, altered, added to, or varied by parol or extrinsic evidence. It is the contention of the plaintiff that it has been the long established rule in this State that a signer of a promissory note may show by parol evidence that he is a surety on the note.

In the case of *McKee v. Gaulrapp,* 367 Ill. 321, it was held, against the contention of McKee, that, where one of the makers of a note pays it, he may between the other makers prove by parol evidence, that he was in fact, a surety, even though the note contained the sentence, "All signers of this note are principals," in order to establish his right to be subrogated to the rights of the payee of the note. The court points out that since 1863, in the case of *Ward v. Stout,* 32 Ill. 399, the rule has been in this State that one of the

makers of a note may prove by parol that he was in fact, a surety.

In the *McKee* case the court makes the comment that the authorities cited by McKee as to the parol evidence rule, "Might very well apply if an effort was made to vary the terms of the instrument in question as between the makers and the payee."

In *Jones v. Albee,* 70 Ill. 34, it is stated that, "The rule that parol evidence cannot be admitted to contradict or change a written contract, is based on the soundest principles of public policy, and we regard a strict enforcement of this rule to bills of exchange and promissory notes as very important to the commercial interest of the country." (See also, *Harris v. Galbraith,* 43 Ill. 309.)

The rule applicable to the situation in this case is ably stated by Brandt in his book on Suretyship and Guaranty, 3rd Ed., sec. 51, as follows: "Where a surety binds himself in terms as a principal in the obligation which he signs, he will be held as principal, and will be entitled to none of the rights of a surety. 'There is no rule of law which prohibits a surety from waiving the right which belongs to him as such. Such a waiver has nothing in itself offensive to the policy of the law.' The express terms of the obligation in such case exclude the idea of suretyship, and the creditor has a right to avail himself of the contract his vigilance has obtained. Where three parties signed a joint and several note, the first one adding to his name the word 'principal,' the other two adding the word 'sureties,' it was held the one to whose name the word 'principal' was attached could not show by parol that he was in fact a surety, and known to be such by the creditor. The Court said that if the note had been silent as to who was principal and who surety, the suretyship might have been shown without contradicting the note; but in the present case, to allow the proof would be to contradict the terms of the note.

Several parties signed a note to a bank commencing as follows: 'We, severally and jointly, all as principals, promise to pay,' and it was held none of them could show they were sureties. The Court said: 'Here is an express contract that each signer is a principal. Each contracts for himself with the holder that he is a principal; that he will so stand upon the note. This constitutes a part of the contract with the bank, as much as the sum to be paid or the time of payment or the promise to pay anything at any time does, and this fact as to the capacity in which the signer of the note binds himself, may often be as important a part of the contract as any other.' A principal and several sureties signed a bond reciting that they all signed 'as principals,' and nothing appeared on the face of the bond to indicate that any of them were sureties. Held, the sureties were estopped by the bond to show they were sureties, and that they were not discharged by time given. Where a note commenced, 'We, each as principal, jointly and severally promise to pay,' but one of the signers was a surety, and known to the creditor to be such, and time was given to the principal which would ordinarily have discharged a surety, it was held the surety was not discharged.''

 In an action on a promissory note, proof that some person other than the maker, was in fact the payor; or of an agreement that the payee would never collect the note, or that he would pay it himself, is inadmissible, as contradictory of the terms of the instrument. (*Miller v. Wells,* 46 Ill. 46.)

 It is the long established rule in this State that the maker, nor an indorser, of a note cannot show against the payee an oral contemporaneous agreement which makes the note payable on a contingency. (*Foy v. Blackstone,* 31 Ill. 538; 22 C. J. p. 1152; *Jones v. Albee,* 70 Ill. 34.)

 The plaintiff not having paid the judgment, we are not called upon to pass on certain provisions of the decree which are to the effect that the plaintiff

is entitled to be subrogated to the rights of the payee of the note; nor that the plaintiff is entitled to contribution from the estate of one of his brothers, a co-signer of the notes. The matter of contribution among the signers of the notes is not a meritorious defense against the payment of the judgment.

There does not appear in the evidence a quitclaim deed dated April 30, 1931, or prior thereto, executed by David H. Chandler conveying the Texas land to Kiley as is recited in the agreement of that date. However, at the hearing before the chancellor the defendant introduced a warranty deed, dated May 4, 1931, executed by David H. Chandler conveying all his interest in the land to Kiley, which deed was recorded in Randall and Potter counties on May 29, 1931, and June 4, 1931. The plaintiff thereupon amended his complaint alleging that the defendant has accepted the deed in satisfaction of its notes. There is no evidence in the record sustaining this allegation of the complaint. It also appears from the original complaint that the plaintiff knew at the time all of the notes in question were signed by him that David H. Chandler had conveyed the Texas land to Kiley under the agreement dated April 30, 1931. Suits to enjoin the enforcement of a judgment at law are not favored by courts of equity. (*Metzger v. Horn*, 312 Ill. 173; *Toledo, W. & W. R. Co. v. Ingram*, 85 Ill. 172; *Tyler v. Ross*, 215 Ill. App. 502.) Satisfaction, or payment of a note which has been entered in judgment by confession may be shown under a motion in the court of law which rendered the judgment. (*Harding v. Hawkins*, 141 Ill. 572; *Pyle v. Crebs*, 112 Ill. App. 480; *King v. Hawley*, 135 Ill. App. 596; *Kahn v. Rasof*, 253 Ill. App. 546.)

The decree of the circuit court of Iroquois county is reversed and the suit remanded to that court with direction to dismiss the complaint for want of equity.

*Reversed and remanded.*