**Benjamin Heller, Appellee, v. Franklin-Butler Motors, Inc., Appellant.**

**Gen. No. 34,392.**

Heard in the second division of this court for the first district at the June term, 1930. Opinion filed December 16, 1930.

WILLIAM McKINLEY and PAUL E. PRICE, for appellant.

ALTHEIMER & MAYER, for appellee; A. B. MANION, SYLVAN S. ROSENBAUM and ALAN J. ALTHEIMER, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment entered on the verdict of the jury for $1,500, in plaintiff's favor, in an action of trespass on the case on promises. When the case went to the jury two counts remained in the declaration, one charging the breach of an express warranty, the other, the breach of an implied warranty, in the sale of an automobile by defendant to plaintiff.

The former charged that defendant promised that said automobile would be sound, mechanically perfect and otherwise free from defects. But there was no proof to support it. The latter is based upon a written contract describing the automobile and containing the following provision:

"There are no understandings, agreements, warranties or representations, verbal or written, not specified herein respecting the goods hereby purchased."

The implied warranty relied upon is that provided under section 15 clause (2) of the Uniform Sales Act, Cahill's St. ch. 121a, ¶ 18, clause (2), that the goods shall be of a merchantable quality where bought by description from a seller dealing in goods of that description. No question arises but that the sale was of that character. Defendant, however, relies upon Section 71 of said Act, Cahill's St. ch. 121a, ¶ 74, which provides that:

"Where any right, duty or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement,"

and contends that the provision in question constitutes such an express agreement, citing in support of the contention, *Sterling-Midland Coal Co. v. Great Lakes Coal & Coke Co.*, 334 Ill. 281. There the provision construed as negativing and excluding all implied warranties (p. 291) reads as follows:

"There are no understandings or agreements relative to this contract or its subject matter that are not fully expressed herein."

Comparing its language with that of the provision in question there would seem to be little room for argument for a different construction of the latter. The principal distinction contended for by plaintiff is placed upon the effect of the words "verbal or written." He contends that as they can be properly applied only to an express agreement they manifest an intention to limit the provision to an express agreement only. Instead of their so restricting the negations, we think they were reasonably intended to make them as comprehensive as possible, and fail to see any good ground for construing the provision in the case at bar differently from that construed as aforesaid by the Supreme Court.

It follows, then, that as there was no proof of a breach of an express warranty, and as a proper construction of the other count precludes the theory of an implied warranty, there was no question for submission to the jury and the court erred in not directing a verdict for defendant as asked for.

This conclusion renders it unnecessary to consider defendant's other assigned errors as, for the reasons stated, the judgment must be reversed as a matter of law.

*Reversed.*

SCANLAN, P. J., and GRIDLEY, J., concur.