(No. 24163.—

GORDON McKEE, Appellee, *vs.* J. ALICE GAULRAPP *et al.* Appellants.

*Opinion filed October 15, 1937—Rehearing denied Dec. 9, 1937.*

SHELDON & BROWN, for appellants.

WARD, WARD & SCHEINEMAN, for appellee.

Per CURIAM : The appellants, Gaulrapp & Flock, Carl E. Sheldon, Lloyd H. Brown and Anna W. Hogeboom, claim title to a lot in Rock Falls, Illinois, through a decree of strict foreclosure, while the appellee, Gordon McKee, who was successful in the circuit court, derives his title through a sheriff's deed made pursuant to an execution and sale on a judgment of the circuit court of Whiteside county.

The facts may be summarized as stated in the report of the master in chancery, approved by the circuit court and fully sustained by the evidence. The master found: That on August 15, 1934, there was litigation pending between Dorothy F. Schuchat, as plaintiff, and Stanley F. McKee and others, as defendants, concerning the title to the lot in question, being lot 9 in block 13 in Arey's addition to the city of Rock Falls, in Whiteside county, Illinois; that, pending that litigation, Dorothy Schuchat, as party of the first part, and Gordon McKee, as party of the second part, and Gaulrapp & Flock, as parties of the third part, entered into a certain written agreement; that the substance of this contract is a provision for the collection of rents and profits by Gaulrapp & Flock, who are in the real estate business, the payment of taxes, etc., and the delivery over of the net proceeds, if any, to whichever of the party of the first part or the party of the second part should be ultimately found to be the owner of the premises at the conclusion of the litigation. In its preamble the contract recites: "Whereas the sheriff of Whiteside county, July 5, 1933, executed and delivered to the second party a deed to [said lot] and, whereas, the judgment on which execution was issued, which is the foundation for said deed, is the subject matter of litigation between first party and Stanley F. McKee, [father of appellee in present litigation,] the assignee of said judgment, and, whereas, said parties of the third part have been acting as agents in the collection of the rents, and, whereas, it is the desire of the first and second parties, one of whom will probably ultimately prove to be the owner of said property, to have the taxes paid, buildings kept insured, and premises repaired, and rentals applied for such purposes, * * * it is agreed that the third parties shall continue to manage said property until the litigation concerning same has been terminated and the rights of the parties therein determined," etc. This agreement was executed for Mrs. Schuchat by her present attor-

neys, Sheldon & Brown, who were acting as her attorneys in that litigation, and who are their own attorneys and parties to the present suit.

The master further found that Gaulrapp & Flock, who are parties to the present suit, are the same persons as those who signed that agreement as parties of the third part; that at the time said agreement was entered into there was no other litigation pending between the parties than that described in the contract and that the litigation referred to therein was a chancery case, designated as No. 4282, and that the present litigation had not yet been started or contemplated; that in said then pending litigation the master's report was approved by the circuit court, that judgment was affirmed by the Appellate Court for the Second District and leave to appeal was denied in the Supreme Court at the April, 1935, term, whereby the judgment of the circuit court of Whiteside county became final and the plaintiff in this cause became entitled to an accounting from Gaulrapp & Flock, in accordance with the provisions of the contract.

The master further found that, because of said contract, Gaulrapp & Flock should not be allowed to question plaintiff's title, and being so precluded, had no right to file a counter-claim bringing in Sheldon & Brown and Anna Hogeboom to cause a hearing to be heard on a title adverse to the plaintiff; that in said chancery case No. 4282 it was the judgment of the circuit, Appellate and Supreme Courts, that the judgment and execution upon which plaintiff's deed was founded were legal and valid and that by virtue of said proceedings Gordon McKee obtained a title good as against all other parties to this suit.

The master further found that, subsequent to said proceedings, on November 15, 1935, in another chancery case, known as No. 4773, in the circuit court of Whiteside county, Anna Hogeboom, Sheldon & Brown and Gaulrapp & Flock were plaintiffs, and Dorothy Schuchat and others

were defendants; that, in that case, a decree of strict foreclosure was entered against the premises based upon a mortgage subsequent to the judgment which is the basis of plaintiff's title; that this mortgage was junior to the rights of·Stanley McKee, as assignee of said judgment, and to the rights of Gordon McKee, as purchaser at the execution sale; that the decree of strict foreclosure was fatally defective in that it did not find that the mortgagor was insolvent, nor that the mortgagee was willing to take the property in full satisfaction of his debt, nor that there were no junior encumbrancers, or others, who might be interested in having the property sold, and that, for those three reasons, the decree was void as to Gordon McKee, who was not a party to the suit, and that that decree vested no title in Anna Hogeboom, Sheldon & Brown, or Gaulrapp & Flock, as against Gordon McKee. The master recommended that the appellants be denied any interest in the premises and this finding was sustained by the circuit court. A decree was entered confirming title in the plaintiff, requiring Gaulrapp & Flock to account, and holding the other appellants to be without interest in the premises. The present appeal is from that decree.

The judgment back of plaintiff's deed was taken by the First National Bank of Morrison against Stanley McKee and one Francis Durr as joint makers of a judgment note, which contained the sentence, "All signers to this note are principals." The indebtedness originally existed from Durr to McKee and was represented by a note for $700 which McKee endorsed and sold to the bank. When it came due Durr could not make full payment, but went with McKee to the bank, where it was agreed that $200 should be paid on the principal and that the bank would extend further credit to Durr if McKee would sign with him, which was done. This note for $500 was not paid, but was placed in judgment. McKee, to protect his own property and credit, purchased the judgment from the bank, but instead of hav-

ing it released took an assignment to himself, and upon sale thereunder the property in question was bid in by his son, Gordon McKee, the present plaintiff and appellee. Appellants contend that the assignment of the judgment to one of the judgment debtors satisfied it, and that the provision in the note that all signers are principals cannot be contradicted by parol evidence, nor could plaintiff be permitted to prove that McKee was, in fact, surety for Durr.

To hold with the appellants on these propositions would be contrary to the established law of this State and would amount to a reversal of the previous holding of the Appellate Court concerning this identical judgment, which holding we have already approved by denying leave to appeal from it. Appellants' argument and the authorities cited as to the parol evidence rule, might very well apply if an effort was being made to vary the terms of the instrument in question as between its makers and the payee. Such, however, is not the case. As long ago as 1863 it was held in the case of *Ward* v. *Stout,* 32 Ill. 399, that one of the makers of a note might prove by parol, that he was, in fact, a surety. In the case of *Bartel* v. *Zimmerman,* 293 Ill. 154, it was held that a surety on a note is entitled to be subrogated to the rights of the payee where he has paid the judgment and taken an assignment thereof to protect himself against levy and sale, and that he may thereafter enforce the judgment against the other signer. To the same effect is *Walker* v. *Chicago, Madison and Northern Railroad Co.* 277 Ill. 451.

Other errors are assigned which are technical and trivial and could not affect the result of the case. They need not be considered. Neither is it necessary to consider seven different motions filed and taken with the case. They will all be denied. We can find no merit in any position taken by the appellants.

The decree of the circuit court of Whiteside county will be affirmed.                                       *Decree affirmed.*