Air Conditioning Corporation, Appellant, v.
A. P. Honaker, Appellee.

Gen. No. 40,050.

Opinion

filed June 30, 1938.

ROSENBERG, TOOMIN & STEIN, of Chicago, for appellant.

DITCHBURNE & LOUNSBURY, of Chicago, for appellee; CHARLES E. LOUNSBURY and PHILIP H. KELLEY, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Plaintiff caused a judgment to be entered by confession against defendant by a power of attorney attached to a promissory note dated November 6, 1935. On motion of defendant the judgment was opened. There was a trial by the court with a finding and judg-

ment in favor of defendant and plaintiff appeals from that judgment.

The defense in substance was failure of consideration in that the note was given for equipment which the plaintiff's assignor sold to defendant and agreed to install in defendant's restaurant, and which (so it was represented—and the representations relied on by defendant) would function with the heating apparatus in defendant's restaurant in such a way as would remove smoke and kitchen odors, purify the air and heat the premises.

The court heard the evidence and found that the system installed did not accomplish any of these things. The "air conditioning apparatus" was installed about December 15, 1935. The heat was controlled by a thermostat. The equipment was composed of four items described in the written contract as "One (1) General Electric Warm Air Conditioner LB4; One (1) Complete set of ductwork; One (1) All controls for heating; One (1) Complete installation for winter air conditioning; One (1) Oil Tank—275 gallons . . . together with all necessary ducts, piping and electric wiring. . . ." Five or six times in December, two or three times in January, 1936, and three times in February the service department of the plaintiff gave attention to this apparatus, usually upon complaint of defendant. Defendant was not satisfied with the operation of the equipment and on February 15, 1936, notified the seller that the equipment did not function satisfactorily and ordered the seller to remove it. There were initial payments which defendant made and after the equipment was installed defendant made two payments of $60 each upon the note given for the price of the equipment. The equipment according to defendant's testimony (which the court accepted and which we also accept) did not remove odors from the air, did not purify the air in the restaurant and did

not heat it as vendor's agents promised and as it was apparently designed to do. That such was its purpose appears from the testimony of Mr. Greer, an engineer in charge of plaintiff's service department.

The agreement for the purchase and installation of this equipment was, as already stated, provided for by a written contract. This contract was executed between the parties November 6, 1935.

The principal contention of defendant is that oral evidence as to alleged warranties of the things which would be accomplished by use of the equipment and which it was evidently designed to accomplish was not admissible, and this is the controlling question in this case.

The contract is in evidence; it provides that the vendor agrees to sell and *install* the property described complete with standard attachments and equipment, together with all necessary ducts, piping and electric wiring, on or about November 12, 1935, at the agreed price of $1,460, of which $35 is payable on signing the agreement and the balance of $1,425 payable "A— *when equipment is completely installed.* B—In 24 consecutive monthly payments of $60.00 each, except the final installment which shall be $45.00 beginning January 15, 1936"; that title to the equipment, except house wiring, ducts and piping, shall not pass to the buyer until the agreed price is fully paid in cash, and that the buyer shall execute and deliver his note for the balance "when equipment is completely installed," and that the note may be negotiated. This note was given and is the instrument sued on.

Plaintiff says the oral evidence was not admissible because of two merger clauses appearing in this contract. One of these was on the face of the contract and declares, "There is no agreement, verbal or otherwise, which is not set down herein; no waivers or modifications shall be valid unless written upon or

attached hereto." The other is printed on the back of the contract under the heading, "Terms and Conditions." It states ". . . There are no warranties, express or implied, made by either the Manufacturer or the Sellor other than Manufacturer's Standard Warranty on its own Equipment." The contract is on a form prepared by the vendor and will therefore be construed most strongly against the plaintiff. The second recited merger clause purports to cover the sale or manufacture of the article sold. It does not seem to cover the installation or service which is provided for by the contract. We think defendant was not precluded from giving oral evidence by that clause. The parol evidence rule is not a rule of evidence but of interpretation or construction. (Williston on Contracts, Vol. 2, par. 631, p. 1221.) Plaintiff recognizes this, citing section 71 of the Uniform Sales Act (Ill. Rev. Stat. 1937, ch. 121½ [Jones Ill. Stats. Ann. 121.75].) As Professor Williston points out, giving due recognition to Dean Wigmore, the parol rule is in reality a group of rules defining the constitution of legal acts, each of which consists of four elements, the creation, the integration, the solemnization and the interpretation to external objects. (Williston, Vol. 2, par. 632, p. 1223.) The integration depends upon the intention of the parties. The parol evidence rule is only applicable where the contract is reduced to writing and the parties agree or intend it shall be their agreement. (Williston, Vol. 2, par. 636, p. 1232.) It follows that where a writing is incomplete it may be added to by parol. This contract, when examined, is evidently. incomplete. Considered particularly, it shows the sale of specific and particular articles of property. Taken as a whole, it shows an agreement to install these pieces of property in such a way as to constitute a unity which will air-condition plaintiff's premises. "Air-condition" is a comparatively new

word. Webster's International Dictionary does not give it at all, and its meaning is ambiguous. That meaning is not defined by the written contract. Without the oral evidence we would have no information as to what the parties intended. Because the contract as written. was incomplete and ambiguous this oral evidence was admissible. The case is clearly distinguishable from *Sterling-Midland Coal Co. v. Great Lakes Coal & Coke Co.*, 334 Ill. 281, and *Heller v. Franklin-Butler Motors, Inc.*, 259 Ill. App. 358, in these respects.

Plaintiff's suit is on the note given in consideration of the contract. It is not on the contract itself. The contract was the consideration for the note and the contract in one of these merger clauses recites what the court found to be untrue. Defendant was therefore not bound thereby. A merger clause reciting as true matters which are not true and which a defendant shows to be false, might easily prove an efficient means of fraud. The subject has been much discussed in legal publications. (See Cornell Law Quarterly, vol. 20, No. 1, pp. 91–95; Illinois Law Review, vol. 32, pp. 938–953.) We hold that because this contract was ambiguous and incomplete the parol evidence was admissible. (*Lidgerwood Mfg. Co. v. Robinson & Son Contracting Co.*, 183 Ill. App. 431; *Fuchs & Lang Mfg. Co. v. R. J. Kittredge & Co.*, 146 Ill. App. 350; *Chicago Auditorium Ass'n v. Fine Arts Bldg.*, 244 Ill. 532.) It is urged that defendant waived his right to rescind the contract by use of the equipment after he had. notified the seller to remove it. The evidence, however, also tended to show that this use was at the request of plaintiff's agent and under circumstances which would preclude this inference.

The judgment is affirmed.

*Affirmed.*

McSURELY, P. J., and O'CONNOR, J., concur.