Lyon & Healy, Inc., Appellant, v. Central States Hotel Company, Inc., Appellee.

Central States Hotel Company, Inc. for use of Lyon & Healy, Inc., Appellant, v. South East National Bank of Chicago, Appellee.

Gen. Nos. 40,082, 40,083.

Opinion filed June 30, 1938.

BELL, BOYD & MARSHALL, of Chicago, for certain appellant; EARL K. SCHIEK, of Chicago, of counsel.

LANDIS, LANDIS & LANDIS, of Chicago, for certain appellee; ALVIN LANDIS, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

August 12, 1937, plaintiff caused judgment by confession to be entered against defendant for $1,500, the balance claimed on a written contract executed by defendant. Afterward the South East National Bank of Chicago was served as garnishee. August 19th it filed its answer and on the same day an order was entered giving defendant leave to file a petition to vacate the judgment, which was accordingly done. Afterward an order was entered giving defendant leave to defend, its petition to stand as its affidavit of merits, the judgment to stand as security. January 7, 1938, there was a trial of the cause and verdict and judgment for defendant, and January 10th an order was entered discharging the garnishee. Plaintiff prosecutes an appeal to reverse the judgment entered against it on the merits and the judgment discharging the garnishee.

The record discloses that plaintiff sold defendant a Hammond electric organ and equipment and installed it in defendant's restaurant located at 411 South Wabash avenue; that June 11, 1937, defendant executed and delivered to plaintiff its written contract whereby it agreed to pay $1,530.58 for the organ in instalments — $120 cash and $59 monthly, plus a carrying charge

of $6.83 a month. The contract provided that title to the organ should remain in plaintiff until paid for in full, and further, that it was "understood and agreed that no other agreement, oral or written, express or implied, shall limit or qualify the terms of this contract." Shortly after the installation of the organ complaint was made by defendant that when played the music was too loud in certain parts of the restaurant and not loud enough in other parts. Plaintiff's representative looked into the matter and the evidence is in conflict as to what was said by the parties. The testimony of defendant's president and vice-president is to the effect that plaintiff agreed to remedy the trouble and endeavored to do so but was unsuccessful. Defendant's vice-president testified, among other things, that after defendant made complaint plaintiff's representative called at the restaurant and was told about the unsatisfactory operation of the organ and said at that time, "The organ is too loud, but we can overcome that by asbestos strips or white material that you put into the organ to soften the sound," and that plaintiff would do this. Defendant's evidence is also to the effect that plaintiff's representative said the monthly payments need not be made until the fault was remedied. Plaintiff's representative, B. D. Karraker, testifying denied he had said that plaintiff would put asbestos strips or white material into the organ to soften the sound, and said that there were no such strips or material. He further denied saying defendant need not make the monthly payments until the claimed defect had been remedied. This witness further testified that upon complaints made by defendant, he went to the restaurant, looked the organ over on two or three occasions, and that "the organ and sound box are absolutely proper"; that he sent one of plaintiff's acoustical engineers, a Mr. Morse, to look

into the matter; apparently Mr. Morse went to the restaurant but he was not called as a witness.

There is further testimony by defendant's witnesses to the effect that the organ was being played at the time of the trial, which was January, 1938, about six months after it was installed.

Since we have reached the conclusion that there must be a new trial of the case, we refrain from further discussion of the evidence.

We think the testimony of defendant's president and vice-president, to the effect that after the organ was installed plaintiff through its representative agreed to see that the defect complained of was corrected and until this was done defendant would not be required to make the monthly payments, was admissible. The document on which judgment was confessed, and which is the basis of plaintiff's suit, we think does not represent the entire contract of purchase and sale; if it does, the contract is ambiguous. The material portions of it are as follows:

"To Lyon & Healy, Inc.:

"In consideration of the sale to me by Lyon & Healy, Inc., of one Hammond Elec. Organ & P. A. Equip., I promise to pay to the order of Lyon & Healy, Inc., . . . for said merchandise . . . $1,530.58 plus carrying charge of $——— per month, . . . said payments to be made in the following manner: $120 . . . cash down payment; . . . Instalments as follows: $59 per month; $6.83 per month monthly carrying charge, said deferred payments being due on the 15 day of each month beginning July . . . title to said merchandise shall be and remain in you until the above payments have been made in full. . . . It is further understood and agreed that no other agreement, oral or written, express or implied, shall limit or qualify the terms of this contract." It is signed and sealed by the defendant only. There is nothing in the

document indicating that plaintiff was required to install the organ and equipment in defendant's restaurant, but the evidence shows that plaintiff did so. The document recites that in consideration of the sale by plaintiff to defendant of the Hammond Electric Organ & P. A. Equipment (the nature of this equipment not appearing except that counsel for plaintiff say in their brief that defendant purchased from plaintiff the organ and "loud speaker equipment"), defendant promised to pay, etc. We think the document is incomplete and ambiguous and therefore the parol evidence was admissible to show the terms of the contract. The narrated conversations between the parties, to which we have above referred, were after the document in question was executed and delivered and after the installation of the organ and equipment, and parol evidence was therefore admissible. (See our opinion in *Air Conditioning Corp. v. Honaker,* 296 Ill. App. 221.) If, as plaintiff seems to contend, there was no express or implied warranty that the organ and equipment were reasonably fit for the purpose for which it was purchased, we are of opinion that plaintiff would sell few organs because no one would buy "a pig in a poke."

We are of opinion that the verdict of the jury to the effect that the organ did not operate properly, is against the manifest weight of the evidence. The witness Karraker was the only one who testified who knew anything about the mechanism of the organ, and his testimony is that the organ and the sound box were in all respects proper. And counsel for plaintiff say that if the music of the organ was too loud in certain parts of the restaurant and not of sufficient volume in others, it was because of the acoustics of the restaurant and not any defect in the organ. We think this question ought to be gone into by witnesses who could qualify as experts on the subject.

·Since the judgment on the merits must be reversed and the cause remanded for a new trial, it follows that the judgment discharging the garnishee must likewise be reversed and the matter remanded. Obviously if the judgment on the merits were affirmed, the order discharging the garnishee would be the proper order. *Morris v. Carroso,* 292 Ill. App. 620.

The judgments of the municipal court of Chicago in cases Nos. 40,082 and 40,083 are reversed and the cause remanded for a new trial.

*Reversed and remanded.*

McSurely, P. J., and Matchett, J., concur.