E. W. Werner, and George Creager, Plaintiffs-Appellees, v. T. A. Steele, and Jack E. Barnett, Administrator of Estate of George R. Barnett, Deceased, Defendants-Appellants.

Term No. 55–O–15.

Fourth District.

February 1, 1956.

Released for publication February 23, 1956.

Dale Ferguson, of Rock Island, and Isham, Lincoln & Beale, of Chicago, for defendant-appellant; Richard G. Ferguson, of Chicago, of counsel.

Crain & Hall, of Centralia, for plaintiffs-appellees.

PRESIDING JUSTICE BARDENS delivered the opinion of the court.

Plaintiffs filed a complaint for an injunction in the Circuit Court of Jefferson County praying that defendant administrator be restrained from taking any further action against plaintiffs on a certain promissory

note payable to defendant's intestate. From the decree granting such relief defendant brings this appeal contending that the Chancellor erred in permitting plaintiffs to vary the terms of the note by parole evidence.

Plaintiffs and one Steele executed a promissory note on January 19, 1950, payable one year from date to defendant's intestate. The note contained the following language:

"All signers of this note are principals, and no extension of the time of payment, by the receipt of interest or otherwise, shall release us, or either of us, from the obligation of payment."

On July 17, 1953, judgment by confession was entered against all three signers of the note in the Circuit Court of Saline County. A transcript of this judgment was then filed in the Circuit Court of Jefferson County and execution thereon issued against plaintiffs. Thereafter, the judgment secured by confession in Saline County was vacated and plaintiffs were given leave to plead to the merits. While this action was pending and undetermined, plaintiffs filed the instant suit for injunction naming the administrator of the deceased payee and T. A. Steele, their cosigner, as defendants. As grounds for enjoining enforcement of the transcripted judgment, plaintiffs' complaint alleged the following: that plaintiffs signed the note as sureties without consideration; and that at maturity payee agreed with Steele to a one year extension of said note without their consent or knowledge, which effected their discharge from liability. No venue question is raised.

In the hearing of the cause Steele was called to testify as an adverse witness under Section 60 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060]. By virtue of this procedure Steele testified, over objection, to conversations with the deceased payee which were directed to establish-

462

ing the following: that Steele and the plaintiffs were cosigners of a previous note due and unpaid as of January 19, 1950, which was replaced by the note in question; that the payee wanted plaintiffs' signatures on the new note so that it could be used as collateral; that the plaintiffs agreed to go on the note one more year as sureties and they instructed Steele to so advise the payee; that the payee told Steele such arrangement was agreeable; that subsequently, the payee orally extended for one year the time for payment of the new note and that after such extension the payee told Steele to tell plaintiffs that the note was paid. Steele was the only witness at the hearing and on the basis of his testimony the injunction was granted restraining further action against plaintiffs on the note. Defendant contends that it was error to admit Steele's testimony varying the express provisions of the note designating plaintiffs as principals and stating that they were not to be released from liability by extension of time of payment.

 The rule of evidence that prohibits parole testimony to contradict or vary the terms of a written instrument is too well known to need citations. The appellant in relying upon this rule cites the case of Chandler v. Chandler, 326 Ill. App. 670, 63 N.E.2d 272, where the note contained the phrase "Each maker of this note is a principal." Evidence introduced by the plaintiff in that case tended to show that he was a surety on the obligation. The defendant made the same contention as is made here, namely, that to permit the plaintiff to show by extrinsic evidence that he was a surety would violate the rule that the provisions of a written instrument cannot be contradicted, altered, added to or varied by parole or extrinsic evidence. The court agreed and in reversing the lower court's decree enjoining enforcement of a judgment against

463

plaintiff quoted with approval the following language from the early case of Jones v. Albee, 70 Ill. 34:

"The rule that parole evidence cannot be admitted to contradict or change a written contract is based on the soundest principles of public policy, and we regard a strict enforcement of this rule to bills of exchange and promissory notes as very important to the commercial interests of the country."

The Supreme Court of Illinois denied leave to appeal in the Chandler case. 331 Ill. App. xiii.

█ Plaintiffs call our attention to no cases and we have found none in which signers on a note providing expressly that all signers are principals have been permitted to contradict their status by parole evidence, except in actions between the makers themselves. Thus in McKee v. Gaulrapp, 367 Ill. 321, 11 N.E.2d 380, the court permitted one maker to prove by parole evidence as against the other makers that he was in fact a surety even though the note recited that "all signers of this note are principals." However, the court pointed out that authorities as to the application of the parole evidence rule "might very well apply if an effort was made to vary the terms of the instrument in question as between the makers and the payee." There are numerous older cases in Illinois which make the statement that a signer of a promissory note may show by parole evidence that he is a surety, but in these cases the reported opinions reveal that no provision in the note such as we have in the instant case was present. Typical of these cases is the case of Kennedy v. Evans, 31 Ill. 258.

█ The plaintiffs also contend that they were entitled to notice of the extension of time given to Steele. This contention is based on Paragraph 141 of the Negotiable Instruments Act, Chapter 98, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 89.141]. There are two answers to this contention. In the first place, Section 141 refers

464

to a person who is secondarily liable and by Paragraph 214 [Jones Ill. Stats. Ann. 89.214] of the same act a person primarily liable on an instrument is defined as a person who "by the terms of the instrument is expressly required to pay the same. All other parties are secondarily liable." The plaintiffs, therefore, by the terms of the note are primarily and not secondarily liable and could only be held secondarily liable if evidence contradicting the terms of the note were admissible. In the second place, Paragraph 141, Sub-Paragraph 5, does not refer to notice but, on the contrary, refers to assent. By the note in question here it appears that the plaintiffs have agreed that no extension of time will release them from the obligation and thus they have assented in advance to any extensions.

We have examined the authorities cited by the litigants and conclude that the Chancellor erred in permitting plaintiffs to introduce parole evidence to vary their written agreement to be treated as principals.

■ Plaintiffs have also contended in their brief filed in this court that there was a conditional delivery of the note and that the condition and understanding was that they were not to be held liable at all. A search of the abstract reveals that this point was not raised by the pleadings nor decided by the trial court and therefore need not be considered here. Ginther v. Duginger, 6 Ill.2d 474, 480. For the reasons stated, the injunction decree entered by the court below is reversed.

Decree reversed.

CULBERTSON and SCHEINEMAN, JJ., concur.