Mastercraft Lamp Company, Appellee, v. Ted Mortek, Appellant.

Gen. No. 48,134.

First District, Second Division.
December 20, 1960.
Rehearing denied January 26, 1961.

 

Byron M. Getzoff & George Echt, of Chicago, for appellant.

Charles R. Markels, James P. Chapman and Gerald R. Slutsky, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Mastercraft Lamp Company and Ted Mortek entered into two written agreements dated November 1, 1954, one for the purchase of corporate stock and the other about the terms of employment. By its amended complaint the corporation sought a declaratory decree reforming the stock purchase contract, a declaration that Mortek had breached the employment contract, and that as a result that contract was unenforceable. Defendant denied plaintiff's right to relief and counterclaimed for damages under the employment contract on the basis of plaintiff's alleged breach thereof. Summary judgment was entered for the plaintiff declaring that defendant had breached the employment contract; that by reason thereof plaintiff is not obligated to perform the stock contract; that an account was stated between the parties as of February 13, 1957, fully satisfying the demands of defendant; and that nothing is due from the plaintiff to the defendant. Defendant appealed.

The law pertaining to summary judgments is stated clearly in the statute and the rules. The pleadings are to be considered in order that the court may know

what the issues are. A motion for summary judgment presupposes that the pleadings join issue. Summary judgment should not be entered where the trial judge would have to decide controverted questions of fact. Diversey Liquidating Corp. v. Neunkirchen, 370 Ill. 523, 19 N.E.2d 363.

Plaintiff was engaged in the manufacture and sale of lamps. Defendant became its sales representative in 1948. In 1950 he purchased 24½% of plaintiff's stock and became its sales manager as well as its sales representative in Illinois and Wisconsin. In early 1955 the parties made two written agreements, each dated November 1, 1954. One of these provided that defendant would act as plaintiff's sales manager, would help plan its sales, advertising campaigns, design lamps and perform other services. Plaintiff agreed to pay defendant a 10% commission on all sales consummated by defendant and 2% of all plaintiff's gross sales, also called an "override." The stock purchase contract provided that in consideration of the execution of the employment contract plaintiff would purchase all of its stock held by defendant upon his retirement or upon the happening of certain other events. The pleadings and affidavits established that defendant acted as sales manager, designer and sales representative of plaintiff until November 3, 1956. From that time he ceased to perform his duties as sales manager and designer.

On February 13, 1957, plaintiff sent defendant a letter advising him that his refusal to continue as sales manager was a breach of the employment contract. The letter attached an itemized statement of sales commissions and 2% "override" earned by defendant for the year 1956 and a check for $256.33 for moneys owed him as shown by the statement. Defendant cashed the check without objection and never contested the accuracy of the itemized statement. Two years

275

later defendant demanded that plaintiff purchase defendant's stock.

In our opinion the defendant did not raise any triable issue of fact. The defendant accepted plaintiff's statement of account and cashed the check tendered to him. He has not contested the accuracy of the account. Defendant's conclusions in his counteraffidavit and pleadings contradict the account stated. It is unnecessary to discuss the alleged verbal agreement as no issue involving any such agreement is presented by the pleadings.

The acceptance of the tendered check may be considered an accord and satisfaction.

We think that the trial judge was right in entering summary judgment, and it is affirmed.

Judgment affirmed.

FRIEND, J., and BRYANT, J., concur.