Robert F. Voral, Plaintiff-Appellee, v. Adrienne M. Voral, Defendant-Appellant.

Gen. No. 48,739.

First District, Second Division.
October 23, 1962.

Theodore F. Zbiegien, of Chicago (William Marosco, of counsel), for appellant.

Friedman, Armstrong, Donnelly & Friedman, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

On June 13, 1961, Robert F. Voral filed a complaint for divorce on the charge of adultery against his wife Adrienne. He alleged that the parties were married at Chicago on November 27, 1954 and "lived together as husband and wife until February 1, 1960"; that from then until June 3, 1961 they resided in the same apartment, occupying separate bedrooms, and that she left their home. He stated that no children were born to or adopted by them. He further averred that on or about June 2, 1961, he "ascertained" that she committed adultery with "a certain person" and that as a result she "has become pregnant"; that he is in no way responsible for her pregnancy and that when he "confronted" her with the charge, she vacated their home. He asked that in addition to severing the bonds of matrimony, she be denied support and maintenance, be barred from asserting any right title or interest in any of his property, that his wife's pregnancy "shall not be attributable" to him and that she be restrained from incurring any indebtedness for hospitalization or medical expenses because of her pregnancy.

In answer the defendant denied that she was guilty of adultery and asserted that she was then pregnant as a result of marital relations with plaintiff. Subsequently she filed a counter-claim asserting that as a result of the marriage with plaintiff a child, David Lee Voral, was born on August 14, 1961. She charged plaintiff with extreme and repeated cruelty on December 20, 1959, January 2, 1961 and June 3, 1961. She stated that by the joint effort and contributions of the

329

parties certain shares of stock, two pieces of real estate, the contents of a safety deposit box and miscellaneous furniture and fixtures were acquired and that she is entitled to an accounting and adjudication as to her share in the property. She incurred expenses for hospitalization and for physician fees in the birth of the baby. She prayed for a decree of divorce, temporary alimony, attorney's fees, custody, control and education of their child and funds for his care and education, an accounting of the assets and income of plaintiff and for a decree finding and awarding her the interest to which she is entitled in the property. Plaintiff denied the material allegations of his wife's counter-complaint.

Defendant filed a verified petition asking for custody of David, temporary alimony, support money for David, and temporary attorney's fees. In her petition she said that at the instance of her husband a criminal charge that she was guilty of adultery was brought against her in the Municipal Court of Chicago and that her motion therein for a "directed finding of not guilty was sustained." In his answer to the petition he admitted that on the criminal charge of adultery against her in the Municipal Court there was a directed finding of "not guilty in her favor." He denied the other material allegations of her petition and denied that she was entitled to any relief. The court set the application for temporary alimony and attorney's fees for a "preliminary hearing to ascertain whether it is probable that the respondent can sustain" her charges under the provisions of Ill Rev Stats 1961, Ch 40, Sec 16. On November 30, 1961, the court, having heard the testimony of witnesses and the arguments of counsel, found that "there is probable cause that plaintiff will sustain his complaint; further, that plaintiff is not the father of the child born to the defendant." The court concluded the order by denying

the petition of the wife for temporary alimony, child support and attorney's fees.

On December 6, 1961, plaintiff (husband) filed his motion for a summary decree for divorce and further relief based on the contention that on November 30, 1961 the court found that David was not the son of plaintiff, "thereby, by inference, finding that the defendant, Adrienne M. Voral, is guilty of Adultery," and that all other facts necessary "to be proved before a decree for divorce may be entered are admitted by the pleadings." The wife's verified answer to the motion for a summary decree said that the divorce Chancellor erred in his previous findings, "based on an obvious mistake"; that the evidence presented did not prove any act of adultery and that the parties lived and cohabited together as husband and wife until June 3, 1961. On December 19, 1961, the court entered a summary decree finding that no children were born to or adopted by the parties; that the wife "has been guilty of adultery, which adultery is evidenced by the fact that the defendant gave birth to a child and that the plaintiff is not the father of the child." The court decreed that the bonds of matrimony be dissolved, that the counterclaim of the wife be dismissed for want of equity and that the wife be divested of all rights to alimony, "including dower, homestead, thirds, distribution and all other rights that she may have in the property or may hereafter acquire."

Defendant, appealing, insists that the court erred in entering a summary decree because there was a material issue of fact to be resolved. We have held that the purpose of the summary judgment procedure is not to try an issue of fact, but to determine whether there is an issue of fact. Scharf v. Waters, 328 Ill App 525, 537, 66 NE2d 499; Gliwa v. Washington Polish Loan and Building Ass'n, 310 Ill App 465, 470, 34 NE2d 736; Tezak v. Cooper, 24 Ill App2d 356, 362, 164 NE2d 493;

Mastercraft Lamp Co. v. Mortek, 28 Ill App2d 273, 171 NE2d 427. Plaintiff maintains that there was no issue of fact either as to the paternity of the child or the defendant's guilt of adultery because these issues had been determined by a consent order entered after a hearing on November 30, 1961.

Plaintiff's argument that because of the approval of the order of November 30, 1961, by the attorney for the wife that she is not in a position to challenge the findings in that order on paternity and adultery, is without merit. The Chancellor conducted only a limited hearing to ascertain whether there was reasonable probability that the husband could sustain his charges of adultery. At the conclusion of the testimony in the preliminary hearing, the court announced a finding of probable cause that the husband "can maintain his complaint for adultery" and that David is not the child of the husband. The attorney for the wife immediately announced that he would appeal the ruling, to which the court responded, "Yes, you can take your appeal." It is clear that the order of November 30, 1961, was not a consent order and that the Chancellor, the parties and their attorneys understood that the wife was dissatisfied with the order and intended to appeal. The order of November 30 was not entered with the consent of the wife or her attorney.

The testimony at the preliminary hearing was insufficient to show that the wife was guilty of adultery. In his argument at the preliminary hearing the attorney for the plaintiff said in effect that the defendant should be found guilty of adultery and the child declared illegitimate because of "opportunity plus desire." The defendant and the man charged to be her paramour denied the charge of adultery. She said that she did not become acquainted with this man until May 1961. There was no evidence to the contrary. The baby was born the following August.

There is no dispute that the parties lived in the same apartment until two months before the baby was born. There is support for the defendant's contention that the Chancellor misunderstood her testimony as to the time when she ceased having sexual relations with her husband.

█ Plaintiff suggests that defendant was not entitled to a Jury trial because she did not pay the Jury fee, citing, Hunt v. Rosenbaum Grain Corp., 355 Ill 504, 189 NE 907. In that case the record showed that approximately a year after the appearance, appellant filed a motion for an order directing the clerk to accept a Jury fee of $8 and tendered it in open court. The Supreme Court said that no reasonable excuse was shown for failure to pay the Jury fee at the time the Statute provided and that the court properly denied the motion. When defendant entered her appearance in the instant case she demanded a jury trial. The record is silent as to the payment of a Jury fee. The question was not raised in the Trial Court. In Miller v. Superior Machine Company, 79 Ill 450, the court said (452) that "in the absence of proof it would presume the fees required to be advanced were paid at the proper time, and to the proper officer, as required by the Statute." We assume that the clerk performs his duty in collecting the statutory fees. Section 7 of the Divorce Act (Ill Rev Stats, c 40, § 8 1961) provides that when the defendant appears and denies the charges either party shall have the right to have the cause tried by a Jury. In Caplow v. Caplow, 255 Ill App 389, the court said that the motion for a Jury Trial in a divorce case "is not too late if made when the cause is called for trial." We think that the wife protected her right to a Jury Trial.

In the case at bar the decree divested the wife of "all other rights that she may have in the property

that the husband may now have." There was no evidentiary basis for this divestiture.

The decree is reversed and the cause is remanded with directions to proceed in a manner consistent with the views expressed.

Decree reversed and cause remanded with directions.

BRYANT, P. J. and FRIEND, J., concur.