**B. Walter SWANSON, Plaintiff,**

v.

**UNITED–GREENFIELD CORPORA-TION, Defendant.**

Civ. No. 9955.

United States District Court
D. Connecticut.

Jan. 18, 1965.

David D. Berdon, of Berdon & Berdon, New Haven, Conn., for plaintiff.

Lawrence N. Iannotti (Morris Tyler and Richard G. Bell, on the brief), of Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., for defendant.

TIMBERS, Chief Judge.

This is an action by an employee of defendant United-Greenfield Corporation (hereinafter the Corporation) to recover money damages for lost future earnings allegedly sustained as a result of the Corporation's wrongful termination of plaintiff's contract of employment.

The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.

Defendant has moved, pursuant to Rule 56, Fed.R.Civ.P., for summary judgment in its favor.

The facts necessary to a determination of this motion, as disclosed by the pleadings and other papers submitted on this motion, are not in dispute.

May 16, 1960 plaintiff and defendant entered into a written agreement whereby defendant employed plaintiff as general manager of its affiliate located in Amersfoort, The Netherlands, for an initial term of three years at a salary of $1,500 per month.

Relying on said contract plaintiff terminated his then present employment and business enterprises, sold certain inventions to defendant, and removed himself and his family from his house in Connecticut to Amersfoort.

By letter dated May 6, 1963 plaintiff was informed by defendant's president that his employment would be terminated at the close of business May 15, 1963, upon the expiration of the three-year period set out in Article I of the agreement. Also, defendant offered in said letter to continue payment of plaintiff's salary through the month of July 1963, at the same rate specified in the original employment agreement. These payments were also to constitute payment of any vacation credits owing to plaintiff after May 15, 1963.

The payments, as offered by the Corporation in its letter to plaintiff dated May 6, 1963, were made by checks dated May 15, 1963, May 29, 1963, June 14, 1963, June 28, 1963, July 15, 1963 and July 31, 1963 drawn by defendant, payable to and accepted by plaintiff.

May 16, 1963 plaintiff telegraphed a request to defendant for a letter of recommendation. A letter of recommendation, stating that the cause of the termination of plaintiff's contract was the liquidation of the Amersfoort subsidiary and not dissatisfaction with plaintiff's services, was sent to plaintiff May 20, 1963.

July 16, 1963 plaintiff informed defendant, through plaintiff's attorney, that plaintiff considered the termination of employment to be a breach of the employment agreement. This apparently was the first defendant knew of plaintiff's intent to challenge the termination as a breach of the employment contract.

In order to avoid litigation, but reserving the right to assert the lawfulness of defendant's termination of the employment contract, defendant, by a letter to plaintiff's attorney, dated August 5, 1963, offered plaintiff employment in its research and development department in Chicago, Illinois, to commence August 15, 1963 at a monthly salary of $1,500.

This offer was refused by plaintiff, through his attorney, August 8, 1963.

August 13, 1963 plaintiff filed a complaint in the instant action. Plaintiff filed a substitute complaint November 8, 1963 seeking relief as set forth above.

Defendant filed its answer November 20, 1963, which, in addition to denying the wrongful termination of plaintiff's contract of employment, alleged, by way of special defense, the following:

(1) That defendant did not breach its contract of employment with plaintiff because defendant offered, and plaintiff accepted, a substituted performance, which transaction constituted an accord and satisfaction barring plaintiff's action on the original agreement; and

(2) That defendant, by offering further employment to plaintiff in a letter to plaintiff's attorney dated August 5, 1963, effected a timely cure of any prior breach of the employment contract and that plaintiff, by rejecting said offer, prevented defendant's further performance of the contract.

September 18, 1964 defendant filed the pending motion for summary judgment, alleging in support thereof the same grounds pleaded in its answer.

I. *For Purposes Of The Pending Motion The Written Contract Of Employment Constitutes The Entire Agreement Between The Parties.*

The basis of plaintiff's opposition to the pending motion is an alleged oral

modification of the written employment contract. Plaintiff, in his affidavit submitted in opposition to defendant's motion, avers that in May, 1962 defendant's president, E. W. Zipse, promised plaintiff a position in either the Corporation's Greenfield, Massachusetts or New Haven, Connecticut division, comparable in duties and salary to plaintiff's then present position in Amersfoort. Plaintiff further avers the promise was made in order to induce plaintiff to use his best efforts to effectuate the sale of defendant's Amersfoort affiliate.

█ The terms of the alleged oral promise of further employment, as set forth in plaintiff's affidavit, add to the provision of the written agreement dealing with plaintiff's employment after the initial three-year period as general manager of defendant's Amersfoort plant.[1] It is a well established rule of law that parol or extrinsic evidence is inadmissible to vary, contradict, modify, add to, or subtract from an unambiguous written contract when the action or defense is predicated upon such contract. Illinois law, which the parties chose to govern the written employment agreement,[2] recognizes this rule.[3]

█ The terms of the written agreement involved here are unambiguous; they are neither "obscure in meaning", nor "capable of being understood in more senses than one."[4] The fact that plaintiff offers proof of the alleged modification by affidavit does not remove the evidence from the class proscribed by the rule. Nor does plaintiff's conclusory suggestion that some new and independent consideration was given in exchange for the oral promise[5] exempt the alleged modification from the operation of the parol evidence rule.

█ The application of the rule is not confined to the offer of evidence at trial. The rule clearly applies to the presentation of evidence pursuant to a motion for summary judgment so as to "cut off the presentation of factual matters that would otherwise raise triable

1. The written employment agreement, in relevant part, provides:
   "Employment after the Three-Year Initial Term
   If you work out the full three-year term of this employment contract, in a manner satisfactory to us, in which determination we hereby undertake to exercise fair and reasonable judgment, we shall then offer you employment, at the same salary rate, in one of our units in the United States. Such employment by us, in the United States, will carry with it all of our usual applicable pension, life and other insurance programs. But such pension, life and other insurance programs do not extend to your employment by Greenfield (Holland) at Amersfoort."
   Plaintiff, during oral argument of the pending motion, admitted that the promise of further employment made by the Corporation's president constituted a limited modification of certain terms of the written agreement—specifically, the place and type of employment. Plaintiff argued that he had not abandoned his original action for breach of the written agreement because the alleged promise did not supersede the entire written agreement, but only certain specific terms thereof.

2. Article IX of the written agreement provides:
   "Governing Law
   We agree with each other that this employment agreement is entered into at Chicago, Illinois, U.S.A., and shall for all purposes be governed by the laws of the State of Illinois, U.S.A.— except, of course, to the extent the payment of your salary by our Dutch affiliate may be subject to Dutch withholding and other taxes."

3. E.g., Werner v. Steele, 8 Ill.App.2d 460, 131 N.E.2d 820 (1956); Walter v. Sohio Petroleum Co., 402 Ill. 33, 83 N.E.2d 346 (1948); Air Conditioning Corp. v. Honaker, 296 Ill.App. 221, 16 N.E.2d 153 (1938); Hines v. Ward Baking Co., 155 F.2d 257 (7 Cir. 1946).

4. Whiting Stoker Co. v. Chicago Stoker Corp., 171 F.2d 248, 251 (7 Cir. 1948); cert. denied, 337 U.S. 915, 69 S.Ct. 1155, 93 L.Ed. 1725 (1949).

5. Affidavit of B. Walter Swanson, paras. 5, 6.

issues." [6] The Court concludes, that, in determining the pending motion, the parol evidence rule bars consideration of the alleged modification of the written contract. The latter contract, therefore, constitutes the entire agreement of the parties regarding plaintiff's employment.

## II. *Plaintiff's Action Is Barred By An Accord And Satisfaction.*

The Corporation notified plaintiff by letter dated May 6, 1963 that his employment would be terminated upon the completion of his three-year term as general manager of the Amersfoort affiliate. The letter stated that defendant was unable to find a suitable position for plaintiff in its domestic organization and further advised plaintiff as follows:

" * * * we will allow your contract to terminate upon the elapse of its term of three years from its effective date of May 16, 1960—that is, at the close of business May 15, 1963. However, we will continue payment of your salary through and including the month of July, 1963, even though this is not required by the agreement between us. These payments will also constitute payment of any vacation credits remaining after May 15, 1963."

The Corporation, pursuant to its proposal, continued payment of plaintiff's salary through July 31, 1963. Plaintiff accepted and retained all such salary payments *including one tendered by defendant following plaintiff's declaration that he considered the termination of his services a breach of the employment agreement.*

After defendant notified plaintiff that his employment would be terminated at the close of business May 15, 1963, plaintiff, on May 16, 1963, sent a telegram to defendant's president requesting a letter of recommendation.[7] Defendant promptly complied with plaintiff's request by forwarding a letter of recommendation dated May 17, 1963.

On the basis of the foregoing series of transactions defendant argues that the parties entered into an accord and satisfaction barring plaintiff's present action. Plaintiff, without denying the foregoing occurrences, argues that these transactions do not constitute an accord and satisfaction primarily for the following reasons:

(1) That defendant failed to expressly condition its offer of salary payments through July 1963 on plaintiff's acceptance constituting full satisfaction;

(2) That, in any event, the intention of the parties regarding the transaction is a question of fact incapable of summary adjudication by this Court pursuant to Rule 56, Fed.R.Civ.P.; and

(3) That defendant, at the time its offer was made and accepted, was unaware of plaintiff's claim that defendant had breached the employment contract and therefore an existing dispute between the parties, a necessary element for an accord and satisfaction, was missing here.

In order to determine that the performance rendered effected a discharge of plaintiff's claim, the Court must find (i) the parties agreed that the transactions in question were to constitute an accord and satisfaction, and (ii) the performance rendered by defendant

---

6. 6 Moore's Federal Practice ¶ 56.17 [43], at 2235 (2d ed. 1953); see, e. g., Simpson Bros. v. District of Columbia, 85 U.S. App.D.C. 275, 179 F.2d 430 (D.C.Cir. 1949), cert. denied 338 U.S. 911, 70 S. Ct. 350, 94 L.Ed. 561 (1950); Ford v. Luria Steel & Trading Corp., 192 F.2d 880 (8 Cir. 1951).

7. Although plaintiff made no mention of having received defendant's notice of termination in the telegram requesting a letter of recommendation, plaintiff admits receiving notice of termination prior to sending the telegram in his brief in opposition to defendant's pending motion. Brief for Plaintiff, p. 6.

was sufficient consideration for a discharge.[8]

█ It is clear that plaintiff's acceptance and retention of the six salary checks, without more, does not supply the requisite agreement between the parties.[9] The Court, however, disagrees with plaintiff's argument that no accord and satisfaction can be found in the absence of an express condition accompanying defendant's offer that plaintiff's acceptance of the salary checks would constitute full satisfaction of plaintiff's claim against the Corporation. Plaintiff's contention unjustifiably restricts the Court's scope of inquiry.

█ The Court can infer the assent or meeting of the minds essential to an accord and satisfaction[10] from the circumstances surrounding and the expressions accompanying the transaction in question.[11] As aptly stated by Mr. Justice Cardozo, then Chief Judge of the New York Court of Appeals, "What is said is overridden by what is done." [12] The Court finds what was done by the defendant in this case "made it unreasonable for [plaintiff] not to understand" [13] that the continuation of salary payments through July 1963 was offered to him as full satisfaction of any claim he might have against the Corporation.

The Corporation was under no contractual duty to continue plaintiff's salary payments beyond May 15, 1963. The written employment agreement assured plaintiff, at most, a three year general managership of defendant's Amersfoort affiliate.[14] Because the payments tendered by the Corporation were in excess of any amounts then owing to plaintiff,[15]

8. 6 Corbin, Contracts § 1276, at 117 (1962).

9. Janci v. Cerny, 287 Ill. 359, 122 N.E. 507 (1919).

10. Adler v. Consumers Co., 152 F.2d 696 (7 Cir. 1945).

11. Mastercraft Lamp Co. v. Mortek, 28 Ill.App.2d 273, 171 N.E.2d 427 (1960); Steidtmann v. Joseph Lay Co., 234 Ill. 84, 84 N.E. 640 (1908).

12. Hudson v. Yonkers Fruit Co., 258 N.Y. 168, 171, 179 N.E. 373, 374, 80 A.L.R. 1052 (1932).

13. 6 Corbin, Contracts § 1277, at 117–118 (1962).

14. Article I of the employment agreement provides:
   "*Employment and Term thereof*
   Your employment in the indicated capacity shall commence May 16, 1960 and continue thereafter (subject to the termination provisions below set forth) for three years."
   Article VII, in relevant part, provides:
   "*Termination and Settlement*
   While it is intended by both of us that you will serve out the full three years of this employment contract, in accordance with its terms, we both recognize that circumstances might arise making it desirable for us or you to terminate the arrangement. Accordingly it is hereby specifically agreed that we may terminate your employment hereunder, in our sole discretion, at any time, on not less than one month's advance notice. In the event of such notice from us, you shall receive your salary for that month, plus your actual out-of-pocket costs of transporting yourself, your wife and such of your minor children as reside with you in Holland, together with your personal and household effects, back to Hartford, Connecticut. Such amounts shall be in full, complete and final settlement of our obligations to you in the event of termination on notice from us.
   \* \* \* \* \*
   "If, at the time of termination of your employment hereunder on notice from us, or by reason of your quitting the same, you have by the requisite full years of service accumulated earned vacation allowances which you have not previously taken, you shall receive payment for these allowances at the time of termination of your employment.
   \* \* \*"

15. Plaintiff neither alleged, nor attempted to prove, that the amounts tendered by defendant were less than any credits, including vacation allowance, accruing to plaintiff as of May 15, 1963. Plaintiff's sole argument in this regard, that "a cursory reading of this letter [notification of termination] clearly shows that the defendant regarded that portion of the payments which exceeded the plaintiff's vacation allowance as mere gratuities to the plaintiff designed to allay any ill feelings that his dismissal may have spawned" does not meet the issue.

defendant's offer was supported by sufficient consideration. The offer was accompanied by unambiguous language declaring that no further domestic employment was available, terminating plaintiff's employment, and expressing the offeror's understanding that it was under no existing contractual obligation to make the offer.

Plaintiff accepted this offer without protesting or attempting to vary its terms.[16] Chronologically, plaintiff's initial response, other than endorsing the checks for deposit in a bank account, was to request a letter of recommendation from the Corporation. Defendant's letter dated May 6, 1963 clearly provided for the termination of plaintiff's employment as of May 15, 1963. Unless plaintiff, an experienced business man, understood the continued salary payments offered by the Corporation to constitute satisfaction of its contractual obligation to plaintiff, he was not entitled to the payments and acted wrongfully in retaining them. Plaintiff had a right to retain the payments only upon acceptance of defendant's offer as full satisfaction of any dispute between the parties.[17]

The Court finds, in view of the foregoing undisputed facts, that plaintiff's acceptance and retention of the continued salary payments constituted an accord and satisfaction.

The Court rejects plaintiff's argument that the parties' intention regarding the transaction is incapable of summary adjudication by this Court. The well-established rule relied upon by this Court in rejecting plaintiff's claim is aptly stated in a case cited in plaintiff's brief:

"Whether there is an accord and satisfaction ordinarily involves a pure question of intention, which is, as a rule, a question of fact. If the evidence directly or through reasonable inference creates no conflict concerning the intention, it is a question of law." [18]

The Court also rejects plaintiff's contention that because the Corporation, at the time it made the offer of continued salary payments, was unaware of plaintiff's intention to dispute the contract termination the Court is barred from finding accord and satisfaction. Plaintiff is in a poor position to raise this argument, assuming, as does plaintiff, that defendant did not anticipate a possible dispute over the termination. First, plaintiff accepted and retained one salary payment made after he notified defendant of his intention to dispute the contract termination. Second, plaintiff seeks to negate as evidence of his assent to defendant's offer of accord his request for a letter of recommendation, arguing that such request was merely an attempt to mitigate his damages resulting from the wrongful discharge.[19] The Court finds it difficult to comprehend how, in the absence of a dispute between parties to a contract, there can be a breach of that contract requiring one party to mitigate his damages. Furthermore, if plaintiff's acceptance of the salary checks did not constitute satisfaction of a dispute of which defendant then, strictly speaking, was aware, the Court finds the acceptance constituted a compromise of defendant's unliquidated liability, effecting an accord and satisfaction.

The Court concludes, therefore, that defendant's tender of salary payments through July 1963 and plaintiff's acceptance and retention of those payments constitutes, as a matter of law, an accord and satisfaction barring plaintiff's

---

16. Immediate protest by the offeree in such a situation has been considered persuasive evidence that the offeree does not assent to the accord. E. g., Adler v. Consumers Co., supra note 10; Canton Union Coal Co. v. Parlin & Orendorff Co., 215 Ill. 244, 74 N.E. 143 (1905).

17. Cf. Hudson v. Yonkers Fruit Co., supra note 12.

18. Moers v. Moers, 229 N.Y. 294, 300, 128 N.E. 202, 203, 14 A.L.R. 225 (1920). Accord, Hudson v. Yonkers Fruit Co., supra note 12; cf. Ostrander v. Scott, 161 Ill. 339, 43 N.E. 1089 (1896).

19. Brief for Plaintiff, p. 6.

action for breach of the employment contract.

Because the Court finds defendant is entitled to summary judgment on the basis of one affirmative defense, it is unnecessary to consider defendant's alternative ground for the pending motion.[20]

Defendant's motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., is granted, there being no genuine issue as to any material fact in the case and defendant being entitled to judgment as a matter of law.

---

20. 6 Moore's Federal Practice ¶ 56.17[4], et 2178 (2d ed. 1953).